

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion Number O-4223
Re: Donation of State ad valorem
taxes to City of Port Lavaca
under House Bill 7, Acts of
Regular Session of the 47th
Legislature, 1941.

We have your letter of November 19, requesting our opinion on the following question:

"Does the donation and grant contained in House Bill 7, Acts of the Regular Session of the Forty-seventh Legislature, apply to taxes that were delinquent before September 1, 1941, but collected after that date?"

Section 2, of House Bill 7, reads, in part, as follows:

"For a period of twenty years, commencing on September 1, 1941, following the passage of this Act, there is hereby donated and granted by the State of Texas to the City of Port Lavaca, Calhoun County, Texas, all of the net amount of all State ad valorem taxes levied and collected for State general purposes on all property, real and personal, including the rolling stock belonging to railroad companies (which shall be ascertained and apportioned as now provided by law) in Calhoun County. * * *" (Underscoring ours).

Section 3 of said Act reads, in part, as follows:

"At the end of each month the assessor and collector of taxes of Calhoun County shall make an itemized report under oath to the Comptroller of Public Accounts of the State of Texas on forms to be furnished by the Comptroller, showing the amount of all ad valorem taxes collected by him for State general purposes upon real and personal property

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION ......

within the County of Calhoun, including rolling stock of railroad companies, as hereinabove provided; and he shall accompany the same with an itemized statement showing full disposition of all such taxes collected. The said assessor and collector of taxes shall forward his report to the Comptroller and shall make a like report to the city treasurer of the City of Port Lavaca and he shall pay over to the city treasurer of the City of Port Lavaca all of the moneys collected by him from State ad valorem taxes levied for general purposes during said month, less such amounts as are allowed by law for assessing and collecting same. * * *" (Underscoring ours).

It will be observed from the underscored portions of the above cited sections of H. B. 7 that it was the intention of the Legislature to grant and donate all taxes collected after September 1, 1941, irrespective of the nature of such taxes, that is to say, whether current or delinquent. Particularly do we call your attention to that portion of Section 3 above quoted, which reads:

"* * * he shall pay over to the City Treasurer of the City of Port Lavaca all of the moneys collected by him from State ad valorem taxes levied for general purposes during said month * * *".

The use of the word "levied", in our opinion, has no particular bearing upon the type of taxes that should be retained by the assessor and collector and paid over to the City of Port Lavaca. Obviously no taxes can be collected unless they have been levied, and the above quoted phrase means that the assessor and collector of taxes shall pay over to the city treasurer all of the moneys collected by him from State ad valorem taxes during each of said months within the twenty year period commencing September 1, 1941.

You are, therefore, advised that in our opinion this grant applies to taxes that were delinquent before September 1, 1941, and which may be collected after that date.

Trusting that the foregoing satisfactorily answers your inquiry, we are

APPROVED DEC 18, 1941

(SIGNED) GROVER SELLERS
FIRST ASSISTANT ATTORNEY
             GENERAL

CEC-s

O.K. G.R.L.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) CLARENCE E. CROWE
              Assistant

APPROVED OPINION COMMITTEE
By B.W.B. Chairman